## Paget v. Kessler

*Gilfillan, Gilpin & Brehman,* for plaintiff.
*H. Toll,* for defendant.

MACNEILLE, P. J., November 19, 1947.—This action arises on plaintiff's declaration in ejectment.

To the declaration defendant has filed preliminary objections setting forth that plaintiff has failed to allege compliance with the Ordinance of City Council of the City of Philadelphia, approved by the mayor on

August 13, 1947, and further that plaintiff has failed to allege that he gave notice to defendant as required by the said ordinance of city council. The issue thus raised by the preliminary objections is whether or not plaintiff's declaration sets forth a good cause of action.

Plaintiff's declaration alleges that defendant is in occupancy and possession of the premises in dispute, either by license or lease, whether oral or written, for some time less than a year, or by the month or for an indeterminate time.

The declaration further alleges that in December 1946 defendant verbally agreed that if plaintiff would purchase premises 2219 N. Broad Street, Philadelphia, Pa., defendant would, on a few days' notice, surrender to plaintiff, for plaintiff's own occupancy, the premises in dispute and defendant would remove to the second-floor apartment in premises 2219 N. Broad Street. The declaration further alleges that on or about February 2, 1947, plaintiff told defendant that the apartment in 2219 N. Broad Street, Philadelphia, Pa., would be ready for occupancy by March 1, 1947, and gave him oral notice to vacate within 30 days after the second-floor apartment be made available.

Plaintiff alleges that the Office of Price Administration issued its certificate dated March 5, 1947, authorizing plaintiff to pursue his cause for the removal or eviction of defendant from the premises and the apartment in dispute.

The declaration further alleges that on June 30, 1947, there was served on defendant, personally, written notice dated June 30, 1947, stating that in accordance with the provisions of the Act of March 31, 1905, P. L. 87, in such case made and provided, "that said owner demands of you that you are hereby required to deliver to the said owner, the possession of said premises so held, within thirty days from the date of the service hereof".

Plaintiff alleges that defendant is still in possession of the disputed premises and claims that he is entitled to recover possession of the same under the Act of March 31, 1905, P. L. 87.

By stipulation, a supplemental complaint and declaration in ejectment was filed, alleging that defendant received from plaintiff at least six months' written notice of plaintiff's intention to institute these proceedings in that on or about January 19, 1947, defendant received a letter from plaintiff which plaintiff alleges sets forth his notice of his intention to institute the present proceedings. This letter reads as follows:

"January 18, 1947.

"Dear Mr. Kessler:

"I suppose by now you have probably been informed that the building at 2219 North Broad Street has been sold. I have been in and met most of the tenants but have never been fortunate enough to catch you at home. However, I do realize your wife has been ill.

"The reason for this letter is that, Mrs. Young will be vacating her apartment soon and after I do some painting of the bath room and the kitchen, I would like you and Mrs. Kessler to move into the second floor front apartment.

"I am planning to move into your apartment and occupy the apartment with my wife and son.

"I am very sorry to cause you this inconvenience at this time, especially with Mrs. Kessler not feeling too well. I do hope she feels better soon.

"If it is necessary you can contact me or my wife at the above address or telephone BA 9-2594.

"Yours very truly,

"Raymond R. Paget."

Plaintiff, in his brief and in his argument before the court en banc, denies that he has failed to comply with the Ordinance of City Council of the City of Philadelphia, approved by the mayor on August 13, 1947, and contends that the letter of January 18, 1947, set forth

supra, alleged facts sufficient to comply with section 4 of the City Ordinance of August 13, 1947. Section 4 of the Ordinance of City Council of the City of Philadelphia, approved by the mayor on August 13, 1947, provides as follows:

"Section 4. Supplementing the terms and provisions of Section 209 of the Federal Housing and Rent Act of 1947, it is hereby provided that save and except where tenant has failed to pay the rent in accordance with the terms of his tenancy, or where the accommodations are to be demolished for the purpose of and in the course of public improvements pursuant to condemnation proceedings duly and legally instituted, whenever a landlord shall seek to evict a tenant from any housing accommodations, which are subject to the provisions of that Act, he shall, before instituting legal proceedings for such eviction, give to the tenant at least six months' written notice of his intention to institute said proceedings together with a statement of the reasons therefor."

Examination of the letter of January 18, 1947, convinces us that it is not sufficiently definite to constitute notice of intention to institute the present proceedings as provided in the city ordinance referred to above.

Although plaintiff contends that at some later date he gave oral notice, more than six months prior to the institution of these proceedings, of his intention to institute these proceedings, this does not fulfill the requirements of the city ordinance, and is invalid, as only written notice is contemplated by the terms of the ordinance. We must therefore conclude that plaintiff has not alleged sufficient compliance with the City Ordinance of August 13, 1947, but this is not necessarily fatal to the stating of a good cause of action for other reasons which we shall now discuss.

Plaintiff properly alleges in his declaration of ejectment that on June 30, 1947, notice was given to defendant to deliver to the owner possession of the premises in dispute, within 30 days from the date of service of

the letter, in accordance with the provisions of the Act of March 31, 1905, P. L. 87. This act provides in part:

"In all cases where a tenant shall hold possession of real estate within this Commonwealth, either by license or lease, whether oral or written, for any time less than one year, or by the month, or for an indeterminate time; and the immediate landlord or owner of such real estate shall desire to regain possession thereof from such tenant or occupant, he shall serve upon the tenant or an adult member of his family a notice, in writing, demanding therein that he requires such tenant or occupant to deliver to him the possession of the premises so held, within thirty days from the date of service thereof: Provided, That this act shall not be construed as authorizing the dispossession of a tenant before the expiration of his or her license or lease."

Plaintiff has commenced his proceeding in accordance with the provisions of the above act of the legislature which provides a remedy for the vacating and the regaining possession of a premises by giving the 30 days' written notice and later by the filing of this suit.

The beginning of the action as specifically provided under the Act of March 31, 1905, P. L. 87, supra, commenced with the giving of 30 days' notice to vacate on June 30, 1947, and the City Ordinance of Philadelphia of August 13, 1947, not taking effect until after plaintiff had commenced his proceeding, cannot be construed to apply to plaintiff in his present action.

Therefore, since the Ordinance of City Council of the City of Philadelphia, approved by the mayor on August 13, 1947, does not apply to the present action, it was not necessary that plaintiff allege notice to defendant of his intention to commence the action six months prior thereto. Defendant having commenced his proceeding for possession under the act of assembly, supra, prior to the effective date of the city rent ordinance and having alleged such compliance and other facts entitling him to possession, has stated a good cause

of action in ejectment and the preliminary objections should be dismissed. Leave is granted to defendant to file an answer sec. leg. et sec. reg.